IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY CHANDLER, | § | |
| TDCJ #656058, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3547 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Michael Anthony Chandler (TDCJ #656058), is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ").  Chandler has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction that resulted in the revocation of his parole.  Chandler also challenges the calculation of his sentence and the determination by prison officials that he is not eligible for early release on the form of parole known as mandatory supervision.  The respondent has filed a motion for summary judgment, arguing that Chandler is not entitled to the relief that he seeks [Doc. # 10].  Chandler has filed a reply [Doc. # 13].  After reviewing all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.       BACKGROUND

On March 10, 1992, Chandler entered guilty pleas to charges of bail jumping (cause number 582643) and aggravated robbery (cause number 571339) in the 248th Judicial District Court of Harris County, Texas.  The trial court sentenced him to 25 years' imprisonment in each case, running concurrently.  Chandler was released from prison on parole on August 4, 1999.

While Chandler was still on parole, new charges were filed against him for failure to stop and render aid following an accident involving personal injury (cause number 1337930).[1]  As a result of those charges, a warrant issued for the revocation of Chandler's parole.  On July 31, 2013, Chandler entered a guilty plea to the charges lodged against him in cause number 1337930.  Pursuant to the parties' plea agreement, the 182nd Judicial District Court of Harris County, Texas, sentenced Chandler to a four-year term of imprisonment in that case.  Chandler returned to TDCJ on August 27, 2013, and his parole was revoked that same day.

---

[1]      The respondent clarifies that Chandler was convicted of violating § 550.021 of the Texas Transportation Code, which is entitled "Accident Involving Personal Injury or Death."  Texas courts, however, routinely refer to the offense under § 550.021 as a "failure to stop and render aid." *Huffman v. State*, 267 S.W.3d 902, 904 (Tex. Crim. App. 2008); *see also Mabry v. State*, Nos. 02-13-00066-CR & 02-13-00067-CR, 2014 WL 4463117, at *1 n.2 (Tex. App. — Fort Worth Sept. 11, 2014, pet. ref'd) (explaining that a conviction for "accident involving personal injury" under TEX. TRANSP. CODE § 550.021 is a conviction for failure to stop and render aid).  For the sake of consistency, this Court will refer to Chandler's 2013 conviction in cause number 1337930 as one for failure to stop and render aid.

When Chandler returned to TDCJ, he learned that he was not eligible for calendar

time credit on the sentence he received for aggravated robbery for the time he spent out of

custody on parole (*i.e*., "street-time credit").[2]  Chandler also learned that he was not eligible

for early release on mandatory supervision because of his prior aggravated robbery

conviction.[3]  Chandler filed an administrative complaint regarding the calculation of his

sentence.  On October 16, 2013, the TDCJ Time Credit Dispute Resolution Tribunal

confirmed that Chandler was not eligible for street time pursuant to § 508.283(b) of the

---

[2]    "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

[3]    There are two ways in which a state prisoner becomes eligible for early release from confinement under Texas law.  The first is by "parole" and the second is "mandatory supervision" release.  "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6) (Vernon 2004). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).  Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See Jackson*, 475 F.3d at 263, n.1 (citing TEX. GOV'T CODE § 508.147(b); *Coleman v. Dretke*, 395 F.3d 216, 219, n.1 (5th Cir. 2004)). Under the statute currently in place, inmates such as Chandler, who have been convicted of aggravated robbery, are not eligible for mandatory supervision. *See* TEX. GOV'T CODE ANN. § 508.149(a).

3

Texas Government Code because of his prior conviction for aggravated robbery.  *See* Memorandum [Doc. # 2] at 6.

On April 1, 2014, Chandler filed two state applications for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  In his first application, Chandler challenged the administration of his sentence with respect to his eligibility for street-time credit and mandatory supervision.  In particular, Chandler argued that he was denied street-time credit in violation of the right to due process because he was, in effect, "resentenced" for aggravated robbery.  Chandler argued further that he was improperly denied eligibility for mandatory supervision in violation of the Fifth, Eighth and Thirteenth Amendments.  On August 20, 2014, the Texas Court of Criminal Appeals denied this application without a written order on findings made by the trial court.  *See* Writ No. 81,858-01.

In Chandler's second state habeas application, he argued that he was entitled to relief because he was "committed on [the] wrong charge."  Chandler argued further that he was wrongfully "recommitted" on a prior conviction and "enhanced again."  In addition, Chandler argued that TDCJ was wrongfully calculating the "begin date" on his sentence for failure to stop and render aid.  On September 10, 2014, the Texas Court of Criminal Appeals denied this application without a written order on findings made by the trial court.  *See* Writ No. 81,858-02.

Chandler has now filed a petition for relief under 28 U.S.C. § 2254 from his conviction for failure to stop and render aid and the administration of his sentence following

the revocation of his parole.  Liberally construed, Chandler raises the following grounds for

relief:

1.  TDCJ has wrongfully used a prior conviction to deny him eligibility for mandatory supervision.

2.  His guilty plea to charges of failure to stop and render aid was involuntary because he did not understand that a prior conviction could be used to deny him eligibility for mandatory supervision.

3.  TDCJ has wrongfully denied him street-time credit.

4.  TDCJ policies and procedures on parole violate the 13th Amendment of the Constitution by treating inmates as "income producing commodities," enslaving inmates "for profit."

5.  Section 552.028 of  the Texas Government Code violates the Freedom of Information Act.

6.  The attorneys who represented him previously failed to provide him with effective assistance of counsel.

7.  TDCJ policy on parole violates the Ex Post Facto Clause.

Petition [Doc. # 1] at 6-7; Memorandum [Doc. # 2] at 1-4.  The respondent has filed an

answer and a motion for summary judgment.[4]  The respondent argues that grounds 2, 5, 6 and

_____

[4]  The respondent's answer was originally due on January 30, 2015, with a dispositive motion due no later than March 2, 2015 [Doc. # 4, at 2].  The respondent filed a motion for an extension of time, up to and including March 2, 2015, in which to file his answer [Doc. # 8].  On February 25, 2015, the respondent filed both an answer and a motion for summary judgment [Docs. # 9, # 10].  Arguing that the respondent's answer was late, Chandler has filed a motion for a default judgment or relief in his favor [Doc. # 11].  Courts in this circuit follow a policy that favors resolving cases on the merits and against the use of default judgments.  *See, e.g., Lindsey v. Prive Corp.*, 161 F.3d 886, 892-93 (5th Cir. 1998); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).  Thus, the Court will grant the
(continued...)

7 are unexhausted and barred from review by the doctrine of procedural default. The respondent argues further that grounds 1, 3 and 4 are without merit.

## II.    CHANDLER'S UNEXHAUSTED CLAIMS ARE PROCEDURALLY BARRED

### A.    Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b). "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). The record, which is summarized above, confirms that Chandler did not fairly present grounds 2, 5, 6 and 7 in state court before seeking federal habeas corpus review. As a result, these claims were not exhausted in compliance with § 2254(b).

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted)). Chandler's unexhausted claims could have been raised previously in one of his state habeas corpus applications. If Chandler presented the claims to the Court of Criminal

---

[4](...continued)
        respondent's motion for an extension of time, accept the answer as timely filed, and
        deny Chandler's motion for a default judgment.

Appeals in another state writ application, those claims would be procedurally barred under

the Texas abuse-of-the-writ doctrine.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4 (West

2015).  Because Texas would likely bar another habeas corpus application by Chandler, he

has committed a procedural default that is sufficient to bar federal habeas corpus review

unless an exception applies.  *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2000);

*Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

### B.      Exceptions to the Doctrine of Procedural Default

Where a petitioner has committed a procedural default, federal habeas corpus review

is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a

result of the alleged violation of federal law," or (2) that "failure to consider the claims will

result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750

(1991).  To establish a fundamental miscarriage of justice, a petitioner must provide the court

with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v.

Wilson*, 477 U.S. 436, 454 (1986).  Chandler makes no such showing here.  Accordingly,

review of grounds 2, 5, 6 and 7 depends on whether he can demonstrate the requisite cause

and actual prejudice.  *See Coleman*, 501 U.S. at 750.

As cause for his default, Chandler notes that he was not represented by counsel on

state habeas corpus review and he invokes *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309

(2012).  In *Martinez*, the Supreme Court held that "a procedural default will not bar a federal

habeas court from hearing a substantial claim of ineffective assistance at trial if, in the

[State's] initial-review collateral proceeding, there was no counsel or counsel in that

proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320; *see also Trevino v. Thaler*, —

U.S. —, 133 S. Ct. 1911, 1917 (2013) (recognizing that the "narrow exception" created by

*Martinez* applies in Texas cases). This means that a habeas petitioner can use either his state

habeas counsel's ineffectiveness or his own status as a *pro se* litigant as cause to excuse the

procedural default where ineffective-assistance of trial counsel is asserted. *See Johnson v.*

*Director, TDCJ-CID*, Civil No. 6:11-260, 2014 WL 4059199, at *3 (E.D. Tex. Aug. 15,

2014) ("Essentially, *Martinez* enables a petitioner to assert that state habeas counsel — or,

as here, a *pro se* petitioner who represented himself in state habeas proceedings — was

ineffective for failing to bring certain ineffective assistance of trial counsel claims during the

state habeas review."); Note, *A Tale of Three Prejudices: Restructuring the 'Martinez*

*Gateway*,' 90 WASH. L. REV. 405, 406 (2015) (Under *Martinez*, "[habeas] petitioners can

now use either their state post-conviction review (PCR) counsel's ineffectiveness or their

own status as a *pro se* litigant as the 'cause' necessary to excuse a procedural default").

Chandler represented himself on state habeas corpus review in Texas, where there is

no right to counsel in non-capital cases. One of Chandler's unexhausted claims (ground 6)

takes issue with his trial counsel's effectiveness in connection with his conviction for failure

to stop and render aid. Nevertheless, Chandler's allegations are insufficient to constitute

cause under *Martinez* or to overcome the procedural bar in this instance.

To overcome a procedural default under *Martinez*, "a prisoner must also demonstrate

that his underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which

is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132

S. Ct. at 1318.  Where, as here, a defendant pleads guilty based on the advice of counsel, the adequacy of counsel's performance is analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (applying the *Strickland* standard to ineffective-assistance claims arising during the guilty plea process).  To prevail under the *Strickland* standard, a defendant must demonstrate both (1) constitutionally deficient performance on his counsel's part, and (2) actual prejudice as a result of the alleged deficiency.  *Strickland,* 466 U.S. at 687-88.  In the guilty-plea context, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.; *see also Premo v. Moore*, 562 U.S. 115, 129 (2011) (quoting *Lockhart*).  In other words, he must demonstrate a reasonable probability that he would have changed his plea.  *See Arnold v. Thaler*, 630 F.3d 367, 370 (5th Cir. 2011).

Here, Chandler contends that his trial counsel in his failure-to-stop-and-render-aid case was deficient for failing to advise him that he would have to "re-serve" time spent on parole because he would forfeit previously accumulated street-time credit. *See* Memorandum [Doc. # 2] at 3-4.  Presumably, under *Martinez*, Chandler contends that he was ineffective for failing to raise this issue on state habeas review.  Assuming that counsel was deficient for failing to advise Chandler about his street-time credit, Chandler cannot establish actual prejudice because he does not allege that but for his counsel's deficient advice, he would

have pleaded not guilty and insisted on a trial.[5]  Accordingly, Chandler does not establish that

he has a substantial claim for ineffective assistance of counsel in connection with his guilty

plea or that there is cause to overcome his procedural default for failing to exhaust his

ineffective-assistance claim in state court.

Chandler's conclusory allegations are otherwise insufficient to establish cause or

prejudice with respect to any of his other unexhausted claims.  Accordingly, grounds 2, 5,

6 and 7 are barred from federal review by the doctrine of procedural default.

## III.    CHANDLER'S REMAINING CLAIMS ARE WITHOUT MERIT

### A.    Standard of Review

The claims asserted by Chandler as grounds 1, 3 and 4 were raised and rejected on

state habeas corpus review.  For claims adjudicated on the merits in state courts, a petitioner

must demonstrate that the state court's decision to deny a claim "was contrary to, or involved

---

[5]    The record reflects that Chandler's indictment for failure to stop and render aid was
enhanced for purposes of punishment with allegations that he had at least two prior
felony convictions, making him eligible for sentencing as a habitual offender.  *See*
Writ No. 81,858-02 [Doc. # 12-4], at 81.  As a result, Chandler faced a potential
sentence of 25 years to life imprisonment if convicted of failing to stop and render
aid.  *See* TEX. PENAL CODE § 12.42(d); *Childress v. State*, 784 S.W.2d 361, 365-66
(Tex. Crim. App. 1990) (en banc).  Under the terms of the parties' written plea
agreement, the State abandoned the enhancement paragraphs and agreed to
recommend a sentence of no more than four years in prison.  *See* Writ No. 81,858-02
[Doc. # 12-4], at 77-78.  Under these circumstances, Chandler does not show that
there was a reasonable probability that he would not have pleaded guilty under the
terms of the negotiated plea and would have insisted on going to trial.  *See Hill*, 474
U.S. at 59.

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). This deferential standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

A state court's decision is contrary to clearly established federal law only if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). A state court unreasonably applies clearly established precedent only if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton*, 544 U.S. 133, 141 (2005). An unreasonable application is more than merely incorrect or erroneous; rather, the state court's application of clearly established law must be "objectively unreasonable." *Williams*, 529 U.S. at 409.

Additional limitations on federal review apply. A state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). This presumption extends not only to the state court's express findings of fact but also to its implicit findings. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

### B.      Ground 1: Chandler's Eligibility for Mandatory Supervision

Chandler contends that TDCJ has violated his constitutional right to due process by using his prior conviction for aggravated robbery to deny him eligibility for release on mandatory supervision.  Based on an affidavit from Charley Valdez, Program Supervisor III for the TDCJ Classification and Records Department, the state court confirmed that Chandler was not eligible for mandatory supervision pursuant to § 508.149(a)(12) of the Texas Government Code because of his conviction for aggravated robbery in cause number 571339. *See* Writ No. 81,858-01 [Doc. # 12-3], at 70.  Because he was not eligible for mandatory supervision as a matter of law, the state habeas corpus court concluded that Chandler failed to establish a violation of the right to due process.  *See id.*

Whether Chandler had a right to be released on mandatory supervision is dependent on whether state law created a protected liberty interest in attaining such release.  *See, e.g., Teague v. Quarterman*, 482 F.3d 769, 775-76 (5th Cir. 2007) (determining that Texas prisoners who are eligible for mandatory supervision have a constitutionally protected liberty interest under the Due Process Clause in their previously earned good-time credits).  Under the governing statute, a Texas inmate is not eligible for mandatory supervision if he has been previously convicted of one of a laundry list of aggravated offenses, including a first-degree felony under § 29.03 of the Texas Penal Code.  *See* TEX. GOV'T CODE § 508.149(a)(12). Aggravated robbery is a first-degree felony under Texas Penal Code § 29.03.  *See* TEX.

PENAL CODE § 29.03.  Chandler, who does not dispute that he has a prior conviction for

aggravated robbery, does not show that the state habeas corpus court erred in determining

that he was not eligible for mandatory supervision under Texas law.   Under these

circumstances, Chandler does not have a constitutional claim for which relief can be granted

where his eligibility for mandatory supervision is concerned.  *See Arnold v. Cockrell*, 306

F.3d 277, 278-79 (5th Cir. 2002) (per curiam).

### C.      Ground 3: Chandler's Eligibility for Street-Time Credit

Chandler contends further that TDCJ has violated his constitutional rights by using

his prior conviction for aggravated robbery to deny him street-time credit, effectively

"resentenc[ing]" him for an "old conviction."  Relying on the affidavit from Charley Valdez,

the state habeas corpus court found that Chandler was not eligible for street-time credit

pursuant to § 508.283(b) of the Texas Government Code because of his prior conviction for

aggravated robbery.  *See* Writ No. 81,858-02 [Doc. # 12-5], at 73-74.  Based on this finding,

the state court denied Chandler's claim for relief.  *See id.*

Eligibility for street-time credit is determined by the law in effect at the time of a

prisoner's parole revocation.  *See Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim.

App. 2009).  When Chandler's parole was revoked in 2013, the governing statute on street-

time credit provided as follows:

> If the parole, mandatory supervision, or conditional pardon of *a person*
> *described by Section 508.149(a)* is revoked, the person may be required to
> serve the remaining portion of the sentence on which the person was released.
> The remaining portion is computed *without credit* for the time from the date
> of the person's release to the date of revocation.

13

TEX. GOV'T CODE § 508.283(b) (emphasis added).  This statute excludes from eligibility for street-time credit those persons described in § 508.149(a), such as Chandler, who have been convicted of aggravated robbery.  *See* TEX. GOV'T CODE § 508.149(a)(12); *see also Ex parte Maiorka*, Writ No. 13369-02, 2006 WL 826079 (Tex. Crim. App. 2006) (unpublished) (holding that an applicant previously convicted of aggravated robbery is not entitled to street-time credit or to the restoration of street-time credit under Texas law).  As a person described by § 508.149(a)(12), Chandler cannot establish that he had a constitutionally protected liberty interest in his street-time credit or that he was denied street-time credit in violation of the right to due process.  *See Rhodes v. Thaler*, 713 F.3d 264, 267 (5th Cir. 2013).

Likewise, to the extent that Chandler claims that he was re-sentenced or punished a second time for his aggravated robbery conviction, the Fifth Circuit has established that the loss of accumulated street-time credit does not violate the prohibition against double jeopardy.  *See Morrison v. Johnson*, 106 F.3d 127, 129 & n.1 (5th Cir. 1997).

Chandler does not otherwise show that he was denied street-time credit in violation of the Ex Post Facto Clause.  In that respect, previous versions of § 508.283 instructed that credit for street time be denied automatically upon revocation of parole.  *See Ex parte Spann*, 132 S.W.3d 390, 393-95 (Tex. Crim. App. 2004) ("Prior to 2001, section 508.283 prescribed that *any* parole violator forfeited the benefit of street-time credit.") (emphasis in original); *Thompson v. Cockrell*, 263 F.3d 423, 426 n.2 (5th Cir. 2005) (noting that the statutory language of § 508.283 "has remained substantially unchanged since 1965") (citing *Ex parte Canada*, 754 S.W.2d 660, 661 n.2 (Tex. Crim. App. 1988)).  It follows that Chandler cannot

show that § 508.283 applied to his detriment or that he was harmed in a constitutional or legally recognized sense by the retroactive application of law in violation of the Ex Post Facto Clause.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997) (To constitute a violation of the Ex Post Facto Clause, a law "must be both retroactive and to a prisoner's detriment").  Absent a showing that Chandler was denied street-time credit in violation of the Constitution, he does not demonstrate that he is entitled to relief.

### D.      Ground 4: Chandler's Thirteenth Amendment Claim

Chandler contends that unspecified TDCJ policies and procedures on eligibility for street-time credit and mandatory supervision violate the Thirteenth Amendment by treating prisoners as "income producing commodities" and "enslaving inmates for profit."  The state habeas corpus court implicitly rejected this claim, concluding that Chandler failed to show that he was "improperly confined."  *See* Writ No. 81,858-01 [Doc. # 12-3], at 70.

The Thirteenth Amendment to the United States Constitution provides, in pertinent part, that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. CONST. amend. XIII, § 1.  Assuming that Chandler takes issue with policies requiring him to work while in prison, Chandler does not show that his incarceration constitutes involuntary servitude.  *See Butler v. Perry*, 240 U.S. 328, 332 (1916) (To state a claim under the Thirteenth Amendment, a plaintiff must demonstrate he was subjected to "compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results."); *see also Ali v. Johnson*, 259 F.3d 317 (5th Cir. 2001) (reiterating that

"inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work"); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) ("The Thirteenth Amendment, which forbids involuntary servitude, has an express exception for persons imprisoned pursuant to conviction for crime."); *Stiltner v. Rhay*, 322 F.2d 314, 315 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed.").

Chandler's vague allegations do not otherwise to show that he is entitled to relief under the governing federal habeas corpus standard of review and are insufficient to state a claim. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'") (citation and quotation omitted).

Because Chandler has failed to show that the state court's adjudication of his claims was contrary to or involved an unreasonable application of Supreme Court precedent, or that the state court's decision was based on an unreasonable determination of the facts, he is not entitled to relief under 28 U.S.C. § 2254. Accordingly, the respondent is entitled to summary judgment.

## IV.   **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a

16

certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

17

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.      CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      To the extent that it is not moot, the respondent's motion for an extension of time to submit his answer to the petition [Doc. # 8] is **GRANTED**.

2.      The respondent's motion for summary judgment [Doc. # 10] is **GRANTED**.

3.      The petitioner's motion for a default judgment [Doc. # 11] is **DENIED**.

4.      The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

5.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on   June 15                    , 2015.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

18